IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL ALBERTO MONTOYA, § | |
| PETITIONER, § | |
| § | |
| v. § | CIVIL CASE NO. 3:20-CV-1643-M-BK |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Daniel Alberto Montoya's petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the habeas petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

### I.   BACKGROUND

In 2016, a jury found Montoya guilty of two counts of aggravated sexual assault of a child and assessed punishment at 17 years' imprisonment for each offense, to be served consecutively. Doc. 1 at 2; *State v. Montoya*, Nos. F1431191 & F1431192 (265th Jud. Dist. Ct., Dallas Cnty., Tex., May 27, 2016), *aff'd*, Nos. 05-16-00756-CR & 05-16-00757-CR, 2017 WL 2350967, at *1 (Tex. App.—Dallas May 31, 2017, no pet.). On July 10, 2017, Montoya was granted an extension to July 31, 2017, to file petitions for discretionary review (PDR), but his

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

previous counsel failed to do so. *See Montoya v. State*, Nos. PD-0730-17 and PD-0731-17 (Tex. Crim. App. July 10, 2017).[2]

Montoya's first federal habeas petition (filed by current counsel on May 31, 2018) was subsequently dismissed as unexhausted. *Montoya v. Collier*, No. 3:18-CV-1401-G-BH, 2018 WL 3353000, at *1 (N.D. Tex. June 12, 2018), *R. & R. adopted*, 2018 WL 3344394 (N.D. Tex. July 9, 2018). Montoya unsuccessfully sought state habeas relief on August 24, 2018. *Ex parte Montoya*, Nos. WR-89,123-01 and -02 (Tex. Crim. App. June 17, 2020) (denying state habeas applications).[3] And, on June 19, 2020, he filed the federal habeas petition in this case. Doc. 1.

As his federal petition appeared untimely, the Court directed Montoya to respond regarding the application of the one-year limitations period, which he has since done. Doc. 3; Doc. 4. Having now reviewed all the applicable pleadings, the Court concludes that Montoya's petition was filed outside the one-year limitations period, and because no exception applies, it should be dismissed as time barred.

## II.   ANALYSIS

### A.  One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court

---

[2] The PDR docket sheets are available at https://search.txcourts.gov/Case.aspx?cn=PD-0730-17&coa=coscca and https://search.txcourts.gov/Case.aspx?cn=PD-0731-17&coa=coscca (last accessed Feb. 19, 2021).

[3] The trial court and Court of Criminal Appeals state habeas docket sheets are available at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (enter Case Nos. W1431191A and W1431192A), https://search.txcourts.gov/Case.aspx?cn=WR-89,123-01&coa=coscca, and https://search.txcourts.gov/Case.aspx?cn=WR-89,123-02&coa=coscca (last accessed Feb. 19, 2021).

may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Montoya does not allege any facts that could trigger a starting date under Subsections 2244(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgments of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A) (providing state prisoners one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Montoya's convictions became final for purposes of § 2244(d)(1)(A) on July 31, 2017, the last day on which he could have filed a timely PDR pursuant to the Court of Criminal Appeals' order of extension in Nos. PD-0730-17 and PD-0731-17. *Dolan v. Dretke,* 168 F. App'x 10, *11 (5th Cir. 2006) (per curiam) (finding conviction final upon expiration of extension of time for filing PDR because PDR is part of the direct review process under Texas law). Thus, the limitations period expired one year later, on July 31, 2018.

Contrary to Montoya's assertion, the mandate date of August 28, 2017, is inapplicable in calculating the date of finality under the AEDPA.[4] Doc. 4 at 5-6; *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finding issuance of mandate does not control when conviction becomes final for purposes of the one-year limitations period); *Gonzalez v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010) (holding "*Roberts* remains good law in this circuit" and, "[u]nder the AEDPA, a state conviction for a petitioner who does not appeal to the state court of last resort

---

[4] The mandate date is available on the direct appeal docket sheets at https://search.txcourts.gov/Case.aspx?cn=05-16-00756-CR&coa=coa05 and https://search.txcourts.gov/Case.aspx?cn=05-16-00757-CR&coa=coa05 (last accessed February 19, 2021).

becomes final 'when the time for seeking further direct review in the state court expires,' not when the mandate issues in his case"), *aff'd*, 565 U.S. 134 (2012).  Likewise, because no PDR was filed, the 90-day period for filing a petition for writ of certiorari does not impact the date of finality.  *See* SUP. CT. R. 13(1) and (3) (concluding a petition for writ of certiorari is appropriate only "to review a judgment in any case … entered by a state court of last resort"); *Clay v. United States*, 537 U.S. 522, 528 & n.3 (2003).  Montoya's arguments to the contrary are wrong.  Doc. 4 at 6.

Next, Montoya asserts that he had to wait to file his state habeas applications until after the mandate issued in his state criminal cases.  He relies on *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004), which held that a state habeas application filed *before* mandate issues is "non-compliant" and, thus, "not properly filed."  Doc. 4 at 4-5.  Again, Montoya's argument is a non-starter.  Unlike in *Larry*, Montoya did not file the state applications while his direct appeal was pending.  That notwithstanding, Montoya's direct appeal was final for purposes of filing the state habeas applications on August 28, 2017, when the mandate issued.  Thus, Montoya had almost eleven months to file his state applications *after the mandate issued* and before the one-year period for filing a federal petition expired on July 31, 2018.  Yet Montoya still waited until August 24, 2018 to file his state applications and offers no rationale for the additional delay.

Montoya also asserts that his "first § 2254 habeas petition was strategically filed for the purpose of holding Petitioner's federal habeas case in abeyance pending the outcome of Petitioner's related state habeas applications."  Doc. 4 at 2.  However, regardless of Montoya's intention, his first federal petition (e-filed on May 31, 2018) did not statutorily toll the limitations period.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding statutory tolling does not apply during pendency of a federal habeas action).

Also, Montoya never requested, nor did the Court ever indicate, that his first federal action would be stayed pending the outcome of the state habeas applications. Montoya's first federal petition was simply dismissed without prejudice for lack of state court exhaustion, contrary to any suggestion otherwise. *Montoya*, 2018 WL 3353000, at *1, *R. & R. adopted*, 2018 WL 3344394. Thus, because Montoya only filed his state applications on August 24, 2018—*after* the limitations period at issue here had already expired on July 31, 2018—he is not entitled to statutory tolling during the pendency of his state applications.[5] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Consequently, the petition *sub judice*, filed on June 19, 2020, is clearly outside the one-year limitations period, absent equitable tolling.

### B. Equitable Tolling

Montoya's filings do not demonstrate due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case omitted)). First, no ambiguity exists as to the date of finality of his state convictions, as noted above. Doc. 4 at 7. Second, this is not a case in which Montoya pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As noted, Montoya squandered the entire one-year period, waiting almost 13 months from the date his convictions became final to file his state habeas

---

[5] While Montoya apparently verified the state applications on April 20, 2018, counsel did not file them until August 24, 2018. The "mailbox rule" is inapplicable because Montoya's state applications and federal petition were filed by retained counsel. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (declining to apply mailbox rule to prisoners represented by counsel).

applications. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (noting "equity is not intended for those who sleep on their rights" (internal quotation marks and citation omitted)).

Montoya asserts that he "took precautions" by filing his first federal habeas petition in May 2018. Doc. 4 at 7. However, as previously noted, the filing of his first federal petition did not statutorily toll the limitations period and certainly did not "preserve [his] right to federal habeas review of his state court convictions," as he contends. Doc. 4 at 7-8. Indeed, any attempt to blame this Court's dismissal of his first federal petition for his untimely filing, Doc. 4 at 8-9, is unfounded.

On this record, the Court concludes that Montoya has not met his burden to establish that equitable tolling is warranted in this case. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III.   CONCLUSION

For the foregoing reasons, Montoya's petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** on February 19, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).